## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **CANDICE BURNETT**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**CALLCORE MEDIA, INC.,**<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)    Case No.:4:21-cv-03176<br>)<br>)<br>)<br>)    **Jury Trial Demanded**<br>) |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff Candice Burnett, individually, and on behalf of all others similarly situated, and for her Class Action Petition against Defendant CallCore Media, Inc., states:

### BACKGROUND, PARTIES, JURISDICTION AND VENUE

1. Plaintiff Candice Burnett ("Burnett") brings this case to protect the privacy rights of herself and a class of similarly situated people who were called on their cell phones by Defendant CallCore Media, Inc. ("CallCore"). CallCore called Burnett and the putative class members on their cell phones without the recipients' consent. Further, the calls were made after Burnett and the putative class members registered their phone numbers on the National Do Not Call Registry. Finally, Burnett brings this action to protect persons located in Texas who CallCore improperly called without first obtaining the proper registration certificate to make telephone solicitations.

2. In the early 1990s, Congress enacted the Telephone Consumer Protection Act ("TCPA") to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

3. The TCPA protects people from receiving marketing calls on their cell phones by requiring the caller to first obtain the recipient's "prior express written consent" to receive calls. The penalty for violating this provision of the TCPA $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

4. The TCPA also affords special protections for people who registered their cell phone numbers on the National Do Not Call Registry. Specifically, the TCPA provides that each person who receives more than one call on their cell phone after being registered on the National Do Not Call Registry is entitled to recover a penalty of $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

5. From January 2021 until June 2021 alone, approximately 26.4 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited July 13, 2021). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

6. To afford additional protections from telemarketing calls, the Texas legislature has enacted the Texas Business and Commercial Code. The Texas Business and Commercial Code prohibits businesses from engaging in telephone solicitations in Texas or to consumers located in Texas unless the business first obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

7. Burnett is an individual who resides in Fort Bend County, Texas.

8. Burnett brings this action on behalf of herself and all others similarly situated.

9. CallCore is a Florida corporation who at all times material to this Petition has been in good standing to transact business.

10. CallCore transacts business in Texas and throughout the United States.

11. CallCore's website states that it has "morphed into the call center powerhouse it is today."

12. CallCore's LinkedIn page states that is in the "telecommunications" industry and "continues its march toward domination of the contact center industry."

13. This Court has personal jurisdiction over CallCore because it has solicited business in the State of Texas, conducts business in the State of Texas, has committed the acts described below in the State of Texas and otherwise has sufficient minimum contacts with the State of Texas, and such contacts are continuous and systematic.

14. CallCore markets its products and services, in part, through placing telephone calls to prospective customers' cellular phones.

15. Burnett is the regular user of a cell phone, with the cell phone number of 713-XXX-4446.

16. Burnett did not provide her cell phone number to CallCore.

17. Burnett had no prior business relationship with CallCore.

18. Burnett never inquired of CallCore about any products or services.

19. Burnett did not grant CallCore prior express written consent to be called on her cell phone.

20. Burnett registered her cell phone number on the National Do Not Call Registry on or about June 30, 2003.

21. In 2021 alone, Burnett received at least 17 calls on her cell from CallCore. She received calls from CallCore on January 11 (twice), 13, 14, 15, 21, 22, 25, 26, 27, 28 and 29. She also received calls on from CallCore on February 1, 2, 3, 4 and 5.

22. The February 1 and 2 calls were prerecorded voice calls. The recording stated, in part, "Hey, this is Lindsey from Simple Life Debt Solutions on a quality recorded line and we're reaching out because you are looking for a loan . . . ."

23. The February 5 call was also a prerecorded voice call.

24. "Simple Life Debt Solutions" is a fictitious name registered with the Florida Secretary of State. CallCore owns the fictitious name "Simple Life Debt Solutions."

25. CallCore's conduct violated the privacy rights of Burnett and the putative class members, as they were subjected to annoying and harassing calls. CallCore's calls intruded upon the rights of Burnett and the putative class members to be free from invasion of their interest in seclusion.

26. CallCore's conduct caused Burnett and the putative class members to waste time addressing and/or otherwise responding to the unwanted calls.

27. On information and belief, CallCore placed calls for the purpose of selling its products and services.

**Class Allegations**

28. Pursuant to Fed. R. Civ. P. 23, Burnett brings this lawsuit as a class action on behalf of herself and all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

29. Burnett seeks to represent the following classes:

> **Prerecorded Voice Class:** All persons with cell phones during the time period from four years prior to the filing of this action until the date a class is certified, to whom Charter or someone acting on its behalf placed a prerecorded voice call. Excluded from the class are all persons who were current or former Charter customers at the time they received such calls.
>
> **Do Not Call Registry Class:** For the period from four years prior to the filing of this suit until the date a class is certified, all persons in the United States who: (1) received more than one telephone call or text message from CallCore (or someone acting on its behalf) during a 12-month period; and, (2) were registered on the Do Not Call Registry for more than 31 days at the time the calls were received.
>
> **Texas Registration Certificate Class:** For two years prior to the filing of this suit until the date a class is certified, all persons with Texas area codes who received a marketing call from CallCore (or someone acting on its behalf) and at such time CallCore had not obtained a registration certificate from the Office of the Secretary of State.

30. Burnett reserves the right to add administrative subclasses, or to amend the definition of the proposed class, during the lawsuit proceedings.

31. The members of the proposed classes are so numerous that joinder of all members is impracticable. Burnett reasonably believes that hundreds or thousands of people have been harmed by CallCore's actions. The names and phone numbers of the members of the proposed class are readily identifiable through records available to CallCore.

32. Most members of the proposed class have suffered damages in an amount such that it would make filing separate lawsuits by individual members economically infeasible.

33. On information and belief, CallCore has called and continues to call people who are registered on the National Do Not Call Registry. It is reasonable to expect that CallCore will continue to make such calls absent this lawsuit.

34. On information and belief, CallCore has called and continues to place telemarketing calls without first obtaining a registration certificate from the Office of the Secretary of State. It is reasonable to expect that CallCore will continue to make such calls absent this lawsuit.

35. Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed class include, but are not limited to, whether CallCore called cell phone numbers that were registered on the Do Not Call Registry, whether such calls violate the TCPA, whether CallCore obtained a registration certificate from the Office of the Secretary of State before placing telemarketing calls, and whether such calls violate the Texas Commercial and Business Code.

36. Burnett's claims are typical of the claims of the proposed class members because her claims arise from the same practice that gives rise to the claims of the members of the proposed class and is based on the same legal theories.

37. Burnett and her counsel will fairly and adequately protect the interests of the members of the proposed class. Burnett's interests do not conflict with the interests of the proposed class she seeks to represent. Burnett has retained lawyers who are competent and experienced in class action, TCPA litigation and consumer law. Burnett's counsel has the resources to litigate this class action, and Burnett and counsel are aware of their responsibilities to the putative members of the class and will discharge those duties. Burnett reserves the right to join other unnamed class members into this lawsuit.

38. A class action is superior to all individual lawsuits for this controversy. Joinder of all proposed members of the proposed class in one action is impracticable if not impossible and prosecuting hundreds or thousands of individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most, members of the proposed class, a class action is the only procedural mechanism that will allow recovery. Even if members of the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts. Individual litigation could also result in inconsistent adjudications.

39. In contrast, a class action is superior in that it will benefit the court and litigating parties through efficiency, economy of scale and unitary adjudication resulting from supervision of the litigation by a single court.

40. Questions of law and fact, particularly the propriety of calling cell phone numbers registered on the National Do Not Call Registry, and placing calls to people without first obtaining a registration certificate from the Office of the Secretary of State, predominate over questions affecting only individual members.

41. CallCore has acted or refused to act on grounds that apply generally to the class, so final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

### Count I - Violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)

42. Burnett incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

43. The TCPA states, in part:

It shall be unlawful . . . (A) to make any call (other than a call made for emergency

7

      purposes or made with the prior express consent of the called party) using [a] prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone . . . .

47 U.S.C. § 227(b)(1).

44. The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services which is transmitted to any person." 47 U.S.C. § 227(a)(4).

45. The Federal Communications Commission's regulations implementing the TCPA provide that telephone solicitations cannot be made to a recipient without the recipient's "prior express written consent." *See* FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 47 C.F.R. § 64.1200(a)(2).

46. The term "prior express written consent" as defined by the Code of Federal Regulations means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8)(i).

47. By placing prerecorded voice calls to the cell phones of Burnett and the putative class members without first obtaining their prior express written consent, CallCore violated the the TCPA, including, but not limited to 47 U.S.C. § 227(b)(1).

48. The TCPA provides for a private right of action and statutory damages of $500 per violation, and up to $1,500.00 if the violation is determined to be willful.  47 U.S.C. § 227(b)(3).

49. On information and belief, CallCore placed phone calls to the cell phones of Burnett and the putative class members without the recipients' prior express written consent.

50. On information and belief, CallCore placed prerecorded voice calls to hundreds if not thousands of wireless telephone numbers.

WHEREFORE Plaintiff Candice Burnett, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against CallCore Media, Inc., pursuant to Federal Rule of Civil Procedure 23, certifying this action as a class action and appointing Burnett as the class representative;
b. Enter an order appointing Kimmel & Silverman, P.C. and Butsch Roberts & Associates LLC and as class counsel;
c. Enter judgment in favor of Burnett and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if CallCore willfully violated section 227(c)(5) of the TCPA;
d. Enter judgment in favor of Burnett and the class members CallCore enjoining CallCore from placing calls or leaving messages utilizing an automatically generated or pre-recorded voice;
e. Award Burnett and the class all expenses of this action, and requiring defendant to pay the costs and expenses of class notice and claims administration;
f. Award Burnett and the class members all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees; and,
g. Award Burnett and the class members such further and other relief the Court deems just and appropriate.

**Count II - Violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5)**

51. Burnett incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

52. The TCPA provides that is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one call on their cell phone "within any 12-month period by or on behalf of the same entity." *See* 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(ii).

53. The penalty for each call placed in violation of the TCPA's restrictions on calling cell phone numbers registered on the National Do Not Call Registry is $500 per call and up to $1,500 per call if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(c)(5).

54. In addition, the TCPA allows the Court to enjoin CallCore's violations of the TCPA's regulations prohibiting calls to cell phone numbers registered on the National Do Not Call Registry. *See* 47 U.S.C. §§ 227(c)(5)(A).

55. By making calls to the cell phones of Burnett and the putative class members after their numbers were registered on the National Do Not Call Registry, CallCore violated the TCPA, including, but not limited to, 47 U.S.C. §§ 227(c)(1) and the TCPA's corresponding regulations.

56. CallCore knew or should have known that Burnett and the putative class members had their numbers registered on the Do Not Call Registry.

57. Burnett and the putative class members are entitled to damages of $500.00 per violation for each call made by CallCore and up to $1,500.00 per violation if the Court finds that CallCore willfully violated the TCPA.

**Demand for Judgment**

WHEREFORE Plaintiff Candice Burnett, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against Defendant CallCore Media, Inc., pursuant to Federal Rule of Civil Procedure 23 *et seq.*, certifying this action as a class action and appointing Burnett as the class representative;
b. Enter an order appointing Kimmel & Silverman and Butsch Roberts & Associates LLC as counsel for the class;
c. Enter judgment in favor of Burnett and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if CallCore willfully violated section 227(c)(5) of the TCPA;
d. Enter a judgment in favor of Burnett and the putative class that enjoins CallCore from violating the TCPA's regulations prohibiting CallCore from calling numbers

      registered on the National Do Not Call Registry;

e. Award Burnett and the class all expenses of this action, and requiring CallCore to pay the costs and expenses of class notice and administration; and,

f. Award Burnett and the class such further and other relief the Court deems just and appropriate.

**Count III – Violations of § 302.101 *et seq.* of
The Texas Business & Commercial Code**

58. Burnett incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

59. Burnett received calls from CallCore on her cell phone in Texas.

60. Section 302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

61. CallCore violated § 302.101 of the Texas Business & Commercial Code when it or its representatives engaged in continuous and repetitive telephone solicitation of Burnett without obtaining a registration certificate from the Office of the Secretary of State.

62. Section 302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, Section 302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

**Demand for Judgment**

WHEREFORE Plaintiff Candice Burnett, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against CallCore Media, Inc., pursuant to Federal Rule of Civil Procedure 23, certifying this action as a class action and appointing Burnett as the class representative;

b. Enter an order appointing Kimmel & Silverman, P.C. and Butsch Roberts & Associates LLC and as class counsel;

c. Enter judgment in favor of Burnett and the class members for all damages available under Texas Commercial & Business Code, including statutory damages of $5,000 per violation;

d. Enter judgment in favor of Burnett and the class members CallCore enjoining CallCore from placing marketing calls before obtaining a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made;

e. Award Burnett and the class all expenses of this action, and requiring defendant to pay the costs and expenses of class notice and claims administration;

f. Award Burnett and the class members all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees; and,

g. Award Burnett and the class members such further and other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Candice Burnett demands a jury trial in this case.

Respectfully submitted,

Dated: 09/29/2021

By: /s/ *Jacob U. Ginsburg*

Jacob U. Ginsburg, Esq.
SDTX ID No. 3568914
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
(215) 540-8888 ext. 104
Facsimile: (877) 788-2864
Email:jginsburg@creditlaw.com
teamkimmel@creditlaw.com

Christopher E. Roberts (to be admitted *pro hac*)
Butsch Roberts & Associates LLC
231 S. Bemiston Ave., Suite 260

Clayton, MO 63105
Tel: (314) 863-5700
Fax: (314) 863-5711
roberts@butschroberts.com