United States District Court
Southern District of Texas
**ENTERED**
June 25, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CANDICE BURNETT, *individually and on behalf of all others similarly situated,* § § § | |
| *Plaintiff,* § § v. § § CALLCORE MEDIA, INC., § § § *Defendant.* § | Civil Action No.: 4:21-cv-03176<br><br>Hon. Keith P. Ellison |

**ORDER AND JUDGMENT GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF A REPRESENTATIVE SERVICE AWARD AND AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

Upon review and consideration of Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, Award of a Representative Service Award and an Award of Attorneys' Fees and Litigation Expenses, including the argument of counsel, the Court file, and the parties' respective submissions in this case, the Court hereby grants final approval of the parties' class action settlement. The Court makes the following findings of fact and conclusions of law as set forth in this Order and Judgment.

**I.     Background**

This settlement involves claims brought by the Representative Plaintiff Candice Burnett against Defendant CallCore Media, Inc. ("CallCore") for allegedly placing prerecorded/artificial voice telemarketing calls to the class members. These calls allegedly concerned the selling of debt relief services. The Representative Plaintiff alleged these calls violated Section 227(b) of the Telephone Consumer Protection Act ("TCPA"). *See* 47 U.S.C. § 227(b). The Representative Plaintiff further alleged these calls violated Section 302.101 of the Texas Business and Commerce

Code ("Texas Solicitation Act" or "the TBCC") in that such telemarketing calls were placed to Texas residents without first obtaining the required certificate from the State of Texas to place such calls. CallCore denied these claims. The parties agreed to settle the case to buy peace and avoid the uncertainty of protracted litigation.

The parties' settlement was only achieved after extensive work and litigation by the parties. This case was filed on September 30, 2021. After completing written discovery, completing third-party discovery, the parties holding numerous discovery conferences, party depositions being completed, and Plaintiff filing a motion for class certification, the Parties then mediated the case before the Honorable Jeff Kaplan (Ret.). The Parties achieved the terms of a settlement after completing an all-day mediation with Judge Kaplan.

The parties then memorialized the terms of the settlement agreement. The settlement provides that CallCore, through itself and its insurer, will make available a settlement fund of $2,000,000, to pay the valid claims of class members, the cost of settlement administration, a representative service award to the Representative Plaintiff and Class Counsel's attorneys' fees and reasonable litigation expenses. The $2 million settlement fund is non-reversionary.

On February 29, 2024, after reviewing the Court file, Plaintiff's motion for preliminary approval, the parties' settlement agreement, and the proposed class notice plan, the Court found that the parties' settlement satisfied the necessary elements of Federal Rule of Civil Procedure 23(a) and (b) to maintain the class as a class action for settlement purposes and that the proposed settlement was "fair, reasonable, and adequate" under Rule 23.

The Court therefore certified the following classes for settlement purposes:

TCPA Class: The persons to whom calls were placed by or on behalf of CallCore, whose information was obtained from PHBC and the calls were transferred to CallCore.

> Texas Class: The persons with Texas addresses and/or Texas area codes to whom calls were placed by or behalf of CallCore, whose information was obtained from PHBC and the calls were transferred to CallCore.

The Parties have since carried out the notice plan directed to these class members as set forth in the Court's preliminary approval order. Notice was sent by mail to over 50,000 class members and by e-mail to over 42,000 class members. In other words, notice was sent to most of the class members in multiple mediums – mail and e-mail. No class members have objected to the settlement, and only three class members (Latoya Boyles, Richard Jones and Jeffrey Goodman) have opted out of the settlement. Based on the number of claims submitted, each class member who submitted a valid claim is expected to receive an average of $450.00.[1]

After the time to submit claims and for class members to object or otherwise opt out of the settlement expired, the Representative Plaintiff filed her Motion for Final Approval of Class Settlement. This Court finds that the class certification requirements of Rule 23 remain satisfied for settlement purposes. The Court further finds that the settlement (including Class Counsel's requested attorneys' fees and litigation expenses and the Representative Plaintiff's representative service award) remains "fair, reasonable and adequate" and warrants final approval under Rule 23.

## II. The Rule 23(a) and (b) Requirements Remain Satisfied

As set forth in the Court's Order granting preliminary approval, the class certification elements of Rule 23(a) and (b) remain satisfied for settlement purposes. There have been no developments in this case since this Court's Order granting preliminary approval that warrant this Court deviating from its previous findings.

---

[1] Notably, class members with Texas area codes and/or Texas addresses will receive an additional 10% for their damages under the Texas Solicitation Act. Also, it is possible that claims postmarked by the claim deadline will be received by the settlement administrator after the entry of this Order.

First, pursuant to Rule 23(a)(1), the number of persons in the Settlement Classes remain so numerous that joinder of all class members is impracticable. FED. R. CIV. P. 23(a)(1). Here, there are over 50,000 persons in the TCPA Class and over 7,000 persons in the Texas Class. *See Mullen v. Treasure Chest Casino LLC*, 186 F.3d 620, 624 (5th Cir. 1999) (finding that class of 100 and 150 satisfies numerosity requirement).

Second, pursuant to Rule 23(a)(2), there remain questions of law or fact common to the class. FED. R. CIV. P. 23(a)(2). Here, there are questions of law or fact common to the members of the Settlement Classes, including, but not limited to: (1) whether the prerecorded voice calls placed to the members of the Settlement Classes violate the Telephone Consumer Protection Act and the Texas Solicitation Act; (2) whether vicarious liability should be imposed against CallCore; and, (3) whether the websites through which CallCore obtained leads from PHBC were a valid mechanism of obtaining consumers' consent to receive such calls.

Third, pursuant to Rule 23(a)(3), the claims and defenses of the Representative Plaintiff remain typical of the claims and defenses of the class members. FED. R. CIV. P. 23(a)(3). Here, the Representative Plaintiff alleges the prerecorded call placed to her by or on behalf of CallCore violated Section 227(b) of the TCPA. The representative Plaintiff further alleges that calls placed by or on behalf of CallCore to persons with Texas phone numbers and/or addresses violated Section 302.101 of the Texas Solicitation Act as such calls were placed without CallCore first obtaining the required certificate from the State of Texas to place such calls. The claims of the Representative Plaintiff are the same as the claims she asserts on behalf of the class members. Moreover, CallCore's defenses such as those relating to vicarious liability and obtaining purported consent are the same defenses that apply to the settlement class members.

Fourth, pursuant to Rule 23(a)(4), the Representative Plaintiff and her counsel continue to protect the interests of the classes fairly and adequately. FED. R. CIV. P. 23(a)(4). The Representative Plaintiff has remained dedicated to this case through the final approval stage. Moreover, Class Counsel, who are well-experienced in class action litigation and TCPA litigation, continue to show the Court they have been dedicated to the efficient and adjudication of this case, all while achieving great results for the class. Ms. Burnett shall therefore remain as the Class Representative and Christopher E. Roberts of Butsch Roberts & Associates LLC and Jacob U. Ginsburg of Kimmel & Silverman, P.C., shall remain as Class Counsel.

Fifth, pursuant to Rule 23(b)(3) the common questions discussed above predominate over any questions affecting only individual members. FED. R. CIV. P. 23(b)(3). While CallCore has potential defenses concerning consent obtained from class members and vicarious liability, these issues present common questions that predominate over questions that affect individual class members.

Finally, pursuant to Rule 23(b)(3), adjudicating this case as a class action is the superior means of adjudicating this case. FED. R. CIV. P. 23(b)(3). Here, the class members statutory damage claims are closely related and are not incredibly large, thereby making it unlikely that each class member has a strong interest in litigating their claims individually. *See* NEWBERG AND RUBENSTEIN ON CLASS ACTIONS, § 4:69 (6th ed.). There is also no evidence before the Court that there is extensive litigation, if any, involving the issues concerning these narrowly defined classes. The Court further finds that this Court is a desirable forum as the Representative Plaintiff resides in Texas, the parties have litigated this case for over two-and-a-half years in this Court, many of the class members reside in Texas and neither party nor any class members has objected to

litigating this case in this Court. Last, the Court finds that there are no difficulties in maintaining this case as a class action.

The Court therefore finds that the class continues to satisfy the requirements of Rule 23(a) and (b). As such, the Court again certifies the following classes for settlement purposes:

> TCPA Class: The persons to whom calls were placed by or on behalf of CallCore, whose information was obtained from PHBC and the calls were transferred to CallCore.
>
> Texas Class: The persons with Texas addresses and/or Texas area codes to whom calls were placed by or behalf of CallCore, whose information was obtained from PHBC and the calls were transferred to CallCore.

### III. The Settlement Warrants Final Approval Under Rule 23(e)

To grant final approval of a class action settlement, the Court must also ensure that the settlement satisfies the requirements of Rule 23(e). *See* FED. R. CIV. P. 23(e).

#### A. The Notice Plan Implemented by the Settlement Administrator Satisfies the Requirements of Rule 23(e)(1) and Rule 23(c).

First, as for the class notice, the Court finds that the notice plan that was ordered to be implemented as set forth in the Order granting preliminary approval has been effectively implemented and carried out by the settlement administrator, Atticus Administration, LLC, and that the notice plan has afforded proper due process. *See generally Eisen v. Carlisle & Jacquilin*, 417 U.S. 156, 173-74 (1974) (holding that providing proper notice serves to satisfy the due process rights of absent class members). The class notice, coupled with the settlement website, properly advised the class members of their rights, and provided ample due process. Moreover, the notice was effectively delivered via mail and e-mail to over 97% of the class members. Notice was therefore adequately provided to class members and was also the best notice "practicable under the circumstances" and complied with the requirements of Rule 23(c) and (e). *See* FED. R. CIV. P. 23 (c)(2)(B), (e)(1).

6

### B. Final Approval is Warranted Under Rule 23(e)(2)

Next, under Rule 23(e)(2), a court may only approve a settlement based on a finding that the proposed settlement is "fair, reasonable and adequate" after considering whether:

(A) the class representatives and class counsel have adequately represented the class;
(B) the proposal was negotiated at arm's length;
(C) the relief provided for the class is adequate, taking into account:
  (i) the costs, risks, and delay of trial and appeal;
  (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims;
  (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
  (iv) any agreement required to be identified under Rule 23(e)(3); and,

(D) the proposal treats class members equitably relative to each other.

FED. R. CIV. P. 23(e)(2). The factors the Court considers when determining whether the settlement is fair, reasonable, and adequate under Rule 23(e), are:

(1) evidence that the settlement was obtained by fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the stage of the litigation and available discovery; (4) the probability of plaintiffs' prevailing on the merits; (5) the range of possible recovery and certainty of damages; and (6) the opinions of class counsel, class representatives, and absent class members.

*Newby v. Enron Corp.*, 394 F.3d 296, 301 (5th Cir. 2004) (citing *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983). These factors are generally referred to as the *Reed* factors.

The Court finds that in accordance with Rule 23(e)(2), and in considering the *Reed* factors, the settlement warrants final approval because the settlement remains fair, reasonable and adequate.

#### 1. The Six *Reed* Factors Establish That Final Approval is Warranted

First, there is no evidence that the settlement achieved is the result of fraud or collusion. Rather, the parties' negotiated this settlement at arm's length through an all-day mediation before the Honorable Jeffrey Kaplan (Ret.). "Under such circumstances, courts find that class action

7

settlements are free of fraud or collusion." *Quintanilla v. A&R Demolition, Inc.*, 2008 WL 9410399, at *4 (S.D. Tex. May 7, 2008).

Second, the complexity, expense and likely duration of the litigation factor supports approval of the settlement. TCPA class actions can be complex, uncertain, and result in protracted and expensive litigation. *See generally Krakauer v. Dish Network, L.L.C.*, 2023 WL 5237091 (M.D.N.C. Aug. 15, 2023) (approving TCPA class settlement in 2023 for a case filed in 2014).

Third, the litigation and discovery were far progressed at the time a settlement was achieved. The settlement was not reached until after the parties completed class-wide written discovery, issued and served third-party subpoenas, exchanged and reviewed voluminous amounts of data, completed depositions, and Plaintiff filed a motion for class certification. Thus, counsel had sufficient information to assess the merits of the claims at the time of settling the case. *See Quintanilla*, 2008 WL 9410399, at *4.

Fourth, it was not guaranteed that Plaintiff would prevail on the merits. For example, CallCore presented defenses of vicarious liability and consent. There was no guarantee Plaintiff would prevail on these issues. *See Keating v. Peterson's Nelnet, LLC*, 615 Fed. App'x. 365, 374-75 (6th Cir. 2015) (affirming the district court's order of summary judgment in favor of the TCPA defendants on the issue of vicarious liability).

Fifth, the relief afforded to the class is significant considering the uncertainty of Plaintiff's success on the merits. Here, the settlement provides relief of $2 million, none of which will revert to CallCore, and each claimant will receive an average of approximately $450.00. *See generally In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 789 (N.D. Ill. 2015) (recovery of $34.60 per claimant "falls within the range of recoveries in other TCPA actions"); *Markos v. Wells Fargo Bank, N.A.*, 2017 WL 416425, at *4 (N.D. Ga. Jan. 30, 2017) (recovery of $24 per

8

claimant in a TCPA class action "an excellent result when compared to the issues Plaintiffs would face if they had to litigate the matter").

Last, the opinions of class counsel, the class representative and the absent class members favors granting final approval. Here, both class counsel and the class representative believe the Court should grant final approval of the settlement. The absent class members tacitly share the same belief as out of over 50,000 class members, no class members have objected to the settlement and only three class members have opted out of the settlement. A "lack of objection from the class members supports the adequacy of the settlement." *Celeste v. Intrusion, Inc.*, 2022 WL 17736350, at *11 (E.D. Tex. Dec. 16, 2022).

The Court therefore finds that the settlement is fair, reasonable and adequate under Rule 23 and warrants this Court's final approval.[2]

## IV. The Court Approves Class Counsel's Requested Attorneys' Fees and Litigation Expenses and the Requested Representative Service Award.

Class Counsel also requests $652,334.07 in attorneys' fees and litigation expenses of $14,332.60 and Plaintiff seeks a representative service award of $12,000.00. The fees are a total of 32.6% of the total non-reversionary settlement fund. For the reasons discussed below, the Court finds these fees to be fair and reasonable and awards the requested amounts.

### A. The Percentage-of-Recovery Method is Proper in This Common Fund Case.

The Supreme Court "has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472,

---

[2] The Court also finds that class members are treated equitably as the TCPA class members each receive the same pro rata relief as do members of the Texas sub-class. Moreover, public interest favors approval of this settlement as the settlement achieves a commendable result for the class and avoids the uncertainty of protracted litigation.

478 (1980). Using "[t]he percentage of the fund method has a number of advantages; it is easy to calculate; it establishes reasonable expectations on the part of plaintiffs' attorneys as to their expected recovery; and it encourages early settlement, which avoids protracted litigation." *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). While the Court can use a percentage-of-recovery or lodestar methodology, the percentage methodology is "often the preferred method for calculating reasonable attorney's fees in common fund cases, because it aligns the interests between class counsel and the class members, encouraging successes and penalizing failure." *Celeste v. Intrusion, Inc.*, 2022 WL 17736350, at *10 (E.D. Tex. Dec. 16, 2022) (quoting *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 643 (5th Cir. 2012)).

While the Court finds that the percentage-of-recovery methodology is appropriate here, the fairness and reasonableness of the requested attorneys' fees must still be analyzed under the *Johnson* factors.

**B.    The *Johnson* Factors Establish the Fairness and Reasonableness of Class Counsel's Requested Attorneys' Fees.**

In determining the fairness and reasonableness of Class Counsel's requested fees, the Court considers what are commonly referred to as the *Johnson* factors. These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and, (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The relevance of each factor varies in each case, and the factors need not be rigidly applied.

10

*Schwartz v. TXU Corp.*, 2005 WL 3148350, at *28 (N.D. Tex. Nov. 8, 2005). Rather, it is within the Court's discretion to apply these factors in consideration of the case before the Court. *Id.*

Ultimately, the *Johnson* factors support an award of the attorneys' fees requested by Class Counsel.

### 1.     The Time and Labor Factor

Federal Rule 1 mandates that counsel adjudicate cases in a "just, speedy, and inexpensive" manner. FED. R. CIV. P. 1. Thus, it makes sense that the "time and labor factor turns on more than the number of hours worked." *Celeste v. Intrusion, Inc.*, 2022 WL 17736350, at *11 (E.D. Tex. Dec. 16, 2022). This is because, "in common fund class action cases" even an early settlement "signals counsel's efficiency and effectiveness compared to similar cases that could have unnecessarily dragged on for years." *Id.* (quoting *Schwartz*, 2005 WL 3148350, at *29). As such, "overemphasizing the hours worked" can "penalize counsel" and "distort the value of the attorney's services." *See id.* (internal quotation and citation omitted). Overemphasizing the hours worked on a case, rather than emphasizing the value of those hours in moving the case toward a successful resolution, can be contrary to Rule 1, as doing so can "encourage[] delay, inefficiency, and recalcitrance towards early settlement." *Schwartz*, 2005 WL 3148350, at *29.

Here, Class Counsel not only extensively litigated this case, but did so in an incredibly efficient manner. Among other things, Class Counsel thoroughly investigated the claims, propounded and completed written discovery, responded to written discovery, served third party subpoenas, completed and prepared for party depositions, conducted more than ten discovery conference calls with opposing counsel, reviewed voluminous discovery records, filed an extensive motion for class certification, prepared for mediation, completed an all-day mediation, drafted and finalized the settlement agreement, developed a notice plan with opposing counsel and

the settlement administrator, drafted preliminary approval papers, stayed in contact with the settlement administrator about the settlement, and communicated with class members about the settlement. Class Counsel was able to advance the case and achieve the significant results afforded by this settlement in an efficient amount of time of at least 525 hours.[3] The Court finds that the "time and labor" factor supports approval of Class Counsel's requested attorneys' fees.

### 2. The Novelty and Difficulty of the Issues

The novelty and the difficulty of the issues also favors final approval. As discussed above, Plaintiff's success on the merits was not guaranteed. In addition to complex issues that can be presented by the TCPA in general, this case presented difficult issues concerning CallCore's vicarious liability for the calls at issue. *See Braver v. Northstar Alarm Servs., LLC*, 2020 WL 6468227, at *2 (W.D. Okla. Nov. 3, 2020) (granting attorneys' fees of 33% in a TCPA case and noting that the case presented difficult issues concerning vicarious liability).

### 3. The Skill Required to Properly Perform the Legal Services Properly

Class Counsel's skill in achieving a commendable settlement also favors final approval. This factor favors approval where counsel achieve good result "diligently and skillfully." *Schwartz*, 2005 WL 3148350, at *30. Class Counsel have diligently and skillfully litigated this case in an effective and efficient manner.

### 4. The Preclusion of Other Employment

The time spent by Class Counsel was at the expense of time they could have dedicated to other matters. Mr. Roberts is one of two attorneys at his firm and Mr. Ginsburg is the primary

---

[3] Moreover, the total amount of billed time by counsel results in a lodestar multiplier of less than 3. This is well within the range of reasonableness. *See generally Di Giacomo v. Plains All Am. Pipeline*, 2001 WL 34633373, at *11 (S.D. Tex. Dec. 19, 2001) (applying the percentage methodology with a lodestar crosscheck and finding a 5.3 multiplier acceptable).

attorney at his firm who handles TCPA matters. The Court therefore finds that the litigation of this matter was therefore at the expense of other potential cases.

### 5. The Customary Fee

The requested attorneys' fees are in the range of fees normally awarded in other TCPA class actions and in settlements within the Fifth Circuit. *See Wolfe v. Anchor Drilling Fluids USA Inc.*, 2015 WL 12778393, *3 (S.D. Tex. Dec. 7, 2015) (awarding 40% of the common fund as attorneys' fees); *Frost v. Oil States Energy Servs., L.L.C.*, 2015 WL 12780763, *2 (S.D. Tex. Nov. 19, 2015) (one-third of common fund as attorneys' fees); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 503 (N.D. Ill. 2015) (36% of fund in TCPA class settlement); *Boger v. Citrix Sys., Inc.*, 2023 WL 3763974, at *12 (D. Md. June 1, 2023) (33% of fund in TCPA class settlement).

### 6. Whether the Fee is Fixed or Contingent

Class Counsel took this case on a contingency fee basis and assumed the risk that they would not recover anything, and therefore not be paid for their work on the case. The risk of "receiving little to no recovery is a major factor in considering an award of attorneys' fees." *Schwartz*, 2005 WL, 3148350, at *31. This factor favors final approval of the settlement.

### 7. Time Limitations Imposed by the Client or Other Circumstances

This factor does not apply in this case.

### 8. The Amount Involved and the Results Achieved

The relief afforded to the class members is significant and warrants approval of the settlement. Each class member who submitted a claim is expected to receive an average of approximately $450.00. *See Braver*, 2020 WL 6468227, at *3 (granting attorneys' fees of 33% in a TCPA case and noting the relief was significant where each claimant would receive between $35 and $75).

### 9. The Experience, Reputation, and Ability of the Attorneys

As discussed above, Class Counsel have significant experience in class action litigation and TCPA litigation. Class Counsel's efforts in achieving a significant result for the class in an incredibly efficient manner is the "best indicator" of their "experience and ability." *Schwartz*, 2005 WL, 3148350, at *33. The significant results achieved by Class Counsel confirms that they effectively litigated this case for the class.

### 10. The Undesirability of the Case

The desirability of this case, or lack thereof, also favors approval. Counsel took this uncertain case on a contingency basis and pursued the case as a class action without a guarantee of being compensated for their efforts.

### 11. The Nature and Length of Relationship With the Client

This factor does not meaningfully apply in this case.

### 12. Awards in Similar Cases

As discussed above, the requested attorneys' fees are consistent with fee awards in other TCPA cases.

In short, consistent with Rule 23 and the *Johnson* factors, Class Counsel's requested attorneys' fees are fair and reasonable. In addition, the Court finds that the $14,332.60 in expenses incurred by Class Counsel are fair and reasonable and were incurred in connection with prosecuting this case. Moreover, the Court notes that there have been no objections to these requested amounts.

### C. The Requested Representative Service Award is Fair and Reasonable

Plaintiff requests $12,000 as a representative service award for her service as the Representative Plaintiff in this case. Plaintiff has dedicated significant time to helping achieve a

commendable result for the class. Ms. Burnett has met with her counsel on numerous occasions, stayed actively involved in the case, responded to written discovery, produced records, had her employer served with a subpoena, sat for her deposition and attended mediation. This requested service award comports with awards provided other TCPA class actions. *See generally Charvat v. Valente*, 2019 WL 5576932, at *10 (N.D. Ill. Oct. 28, 2019) (granting $25,000 service award). The Court finds the requested representative service award to Ms. Burnett for $12,000 to be fair and reasonable.

V.     **Conclusion**

The Court hereby enters this Order and Judgment granting Plaintiff's Unopposed Motion for Final Approval of Class Settlement. After considering the requirements of Rule 23, the Court file, counsel's argument and applicable case law, the Court approves the settlement as fair, reasonable and adequate and certifies the settlement classes defined above and as previously certified.

The Court approves the parties' settlement in accordance with the terms of the settlement agreement previously provided to the Court. The settlement administrator is ordered to distribute payments, upon receipt of payment from CallCore and/or its insurer, in accordance with the terms of the settlement agreement. The members of the settlement classes are bound by the terms of this Order and Judgment, except for class members Latoya Boyles, Richard Jones, and Jeffrey Goodman, each of whom opted out of the settlement.

The Court hereby awards the settlement administrator, Atticus Administration, LLC, $93,323 for its work in administering the settlement in this case. The Court also finds fair and reasonable, and awards, Class Counsel's requested $652,334.07 in attorneys' fees and litigation

expenses of $14,332.60 (totaling $666,666.67 as set forth in the class notice) and a representative service award to the Representative Plaintiff Candice Burnett in the amount of $12,000.

Without affecting the finality of this Order and Judgment, the Court reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement.

**IT IS SO ORDERED.**

Signed at Houston, Texas on June 25, 2024.

Keith P. Ellison
United States District Judge